## C. ASING *vs.* C. Y. AIONA.

### IN EQUITY.    BEFORE MCCULLY, J.

### FEBRUARY, 1881.

The subjects enumerated as being within equity jurisdiction by the Statute of 1878 (Compiled Laws, page 389) are thus made matters for Equity, and the Statute finds that there is not an adequate remedy for them at common law.

"Suits between co-partners" being one of the subjects mentioned, it is not necessary for plaintiff, in a suit for dissolution of partnership, to aver that he has not an adequate remedy at common law: nor need he aver that an accounting will show a balance in his favor, for he is equally entitled to know if he is liable for indebtedness of the firm.

Demurrer overruled.

### DECISION OF MCCULLY, J.

Without making abstract of the bill and demurrer, I remark:

The Statute of 1878, Chap. XV., Sec. 2 provides that the Supreme Court and the several Justices thereof may hear and

determine in equity *all cases* hereinafter mentioned when the parties have not a plain, adequate and complete remedy at the common law, that is to say; and proceeds to enumerate a list of matters, most of them of a character to admit of no question that they belong solely to equity jurisdiction, the first being "suits for the redemption of mortgages or to foreclose the same," the second, "suits and proceedings for enforcing and regulating the execution of trusts." My inference is that the enumerated matters which are placed in such jurisdiction are thus by the statute made matters for equity, and that the statute finds that there is not a plain, adequate and complete remedy for them at the common law. Among the enumerated matters are "suits between co-partners." As, then, the statute declares that such suits may be brought in equity, it will be not necessary to allege that the case is one where there is no plain, adequate and complete remedy at law, as a formal averment, since the complaint shows that it is a suit between partners. Moreover, the complaint shows that a complete and adequate remedy cannot be had at law, since it prays for a dissolution of the co-partnership, the sale of the property and the division of proceeds, for the production in Court of the partnership agreement and of the agreement by the partners with Mr. Afong, as well as all books and papers, for an account of all receipts and expenses.

The complainant on his part states the amount of money which he has furnished, and avers his demand upon his partner for such an account as he now invokes the aid of this Court to procure. He equally asks for relief such as the discovery prayed for may entitle him to, and the relief is clearly a matter of equitable jurisdiction.

And I am of opinion that he is entitled to the aid of this Court in obtaining a final account without the averment that such account will show a balance in his favor. The allegation that he has contributed $3,234 to the enterprise and that two crops of cane have been taken off, of which he has had no account, imply that he may expect something upon a settlement of accounts, and I think he is none the less entitled to know it if he is liable for indebtedness of the firm.

As no relief is prayed for against Afong, he, Afong, needs not to be made a party to this suit between co-partners.

The bill as it stands appears to me to state a matter for the cognizance of a Court of Equity, and for no other jurisdiction. And the demurrer is *overruled.*

*Castle & Hatch,* for plaintiff.

*A. S. Hartwell,* for defendant.

Honolulu, February 9, 1881. ·